CARNEY, Justice, dissenting.
Because I would affirm the superior court's order dismissing the contempt proceeding *968 against Anderson, I respectfully dissent. Although I share the court's recognition of the important role that the Commission plays in enforcing Alaska's anti-discrimination laws, I cannot agree that a longstanding, unwritten, inconsistently applied policy authorizes the Commission to prevent interview subjects from being accompanied by another person at the interview. Nor can I agree that Anderson failed to comply with a subpoena that "commanded [her] to appear ... to provide testimony" because she appeared with a "support" person.[1]
As the court explains, the statutes and regulations that govern the Commission's investigations require that it keep confidential the "records ... and information" that it obtains in its investigations.[2] The court therefore concludes that there is a "strong implication" that interviews must be confidential and that the Commission has the authority to ban the attendance of third parties. But neither statute nor regulation mandates that each interview involve only the Commission's investigator and the interview subject.[3] Nor is there any written authority for the Commission's allowing "certain limited exceptions" to this policy: in addition to attendance by the attorney for an interview subject, third parties can be present if the subject of the interview is also the respondent in the complaint under investigation, or if the interviewee is a member of the respondent's "control group" or has, in the opinion of the Commission, sufficient "managerial responsibility."[4] The Commission also did not provide any specific support for its ability to ban third parties before Anderson's interview, stating without further elaboration that it had "ample legal authority" to do so.
The requirement that the Commission maintain confidentiality does not in itself require that it ban third parties from interviews. Other State entities must also maintain confidentiality; the Office of Children's Services (OCS), for example, conducts confidential investigations and gathers and maintains confidential information.[5] OCS does not, however, conduct all of its interviews-or even the resulting court proceedings-without the presence of third parties.[6] Rather, parties who receive confidential information from OCS are instructed (and in the case of court proceedings, ordered) to maintain the information's confidentiality.[7]
I also am not persuaded that Anderson failed to comply with the subpoena she received. She did appear as commanded and was willing to provide testimony, as long as her support person was allowed to be present.
Because no statute or regulation establishes that the Commission has the authority to ban third parties from its interviews, and *969 because the subpoena did not inform Anderson that she was not permitted to bring a support person to her interview, I would affirm the superior court in this case.

I share the court's concern that the candor and ease of witnesses in interviews would suffer if employer representatives were allowed to attend in cases of workplace discrimination. But Anderson consistently asserted that she wanted Jones to be present because she wanted Jones's support.

AS 18.80.115 ; 6 Alaska Administrative Code (AAC) 30.905 (2014).

See AS 18.80.115 ("The records of investigation and information obtained by the commission during an investigation under AS 18.80.110 are confidential and may not be made available by the commission for inspection by the public."); 6 AAC 30.905 ("Records of investigation and information obtained during an investigation or inquiry are confidential and may not be disclosed except in accordance with AS 18.80.115. Records and information required to be kept confidential by law must be withheld from disclosure.").

The Commission will also allow an interpreter or a legal guardian to be present if appropriate.

7 AAC 54.020 -.030 ; see AS 47.10.093 ; AS 47.10.070 (confidentiality of CINA information at hearings).

See AS 47.10.070 ; Alaska Office of Children's Services, Child Protective Services Manual § 2.2.5 (2016), http://dhss.alaska.gov/ocs/Documents/Publications/CPSManual/cps-manual.pdf (providing under certain circumstances OCS will coordinate with tribal representatives, law enforcement officers, and school officials to attend interviews).

See AS 47.10.070 (f) ("[A] person attending a hearing open to the public may not disclose a name, picture, or other information that would readily lead to the identification of a child who is the subject of the child-in-need-of-aid case."); CINA Rule 22 ; 7 AAC 54.040(f) ("A person with sufficient legitimate interest who receives child protection information from the department shall safeguard the information.").